Tappin *v.* Clarke.

---

### John Tappin *vs.* Samuel J. Clarke.

It is a general rule that a new trial will not be granted on account of newly discovered evidence to impeach a witness sworn on the former trial.

Whether this rule would be departed from where the verdict was rendered upon the sole testimony of the adverse party: *Quære.* It clearly ought not to be where such testimony, though the principal evidence in the case, was supported by other evidence; nor where the party seeking the new trial had good reason to expect that the adverse party would be the principal witness in the case, and did not use reasonable diligence to ascertain his reputation for veracity and to be prepared to impeach him.

PETITION for a new trial in the case of *Clarke* v. *Tappin,* reported *ante,* page 56. The petition set forth the evidence in the case, and concluded as follows :—

That upon the testimony aforesaid said cause was submitted to the jury, who returned their verdict in favor of the plaintiff on the fourth count of said declaration, and for your petitioner on the other counts, and that the plaintiff recover of your petitioner, under said fourth count, two thousand and ninety-one $\frac{62}{100}$ dollars damages and costs. That at the

time of said trial your petitioner was, and for more than twenty years prior thereto had been, a resident of the city of New York; that he had no acquaintance with the plaintiff, except to the extent set forth in his aforesaid testimony, and no knowledge or means of knowledge that his character for truth and veracity was not equal to that of mankind in general; and that although your petitioner well knew at the time of the trial that the testimony then given by the plaintiff, and hereinbefore detailed, as to any promise made by your petitioner as the consideration of said discharge, was false, and must have been known by the plaintiff to be false, he was ignorant, and without any fault or want of diligence on his part continued ignorant until after the rendition of said verdict, that the plaintiff's reputation for truth and veracity was bad, and that he was unworthy of credit as a witness by reason of such reputation. But your petitioner alleges that such ignorance was due, and due only, to the fact that he was a stranger to the city of New Haven, where the plaintiff has long resided, and to the business associates and acquaintances of the plaintiff; that since the trial of said cause and the rendition of said verdict he has discovered that the character and reputation for truth of the plaintiff, who was the sole witness to the making of the promise upon which said verdict was rendered, is utterly worthless, and that the tendering of himself as a credible unimpeachable witness in said cause was an imposition upon the court and a fraud upon your petitioner. And your petitioner alleges that among the witnesses who, with means of knowledge afforded them by long acquaintance with the plaintiff, and by business relations with him extending over a series of years, will testify that his character and reputation for truth and veracity are bad, are [naming them,] all of said town of New Haven. And your petitioner further avers that said verdict against him is unjust, and would not have been rendered by said jury except upon the assumption that the plaintiff was an unimpeachable witness and worthy of credit, and that he has no reason to doubt, and does not doubt, but believes, that upon a new trial of said case, with the opportunity he will then have of improving said newly

discovered evidence by exhibiting the character of the plaintiff in its true light, he can satisfy a jury that the testimony of the plaintiff is utterly false, and that a verdict should be rendered for your petitioner. . Wherefore he prays that said former verdict may be set aside, and that he may be allowed a new trial of said case upon said issue.

The respondent demurred to the petition, and the case was reserved by the superior court for the advice of this court. The important points in the evidence are sufficiently stated in the opinion.

*Blackman* and *L. H. Bristol,* in support of the demurrer.

*Beach* and *L. E. Munson,* contra.

PARK, J. This court has never before been asked to grant a new trial on the ground of newly discovered evidence, to impeach the character of a witness sworn on a former trial. This can not be owing to the fact that cases have not arisen in which the question could have been made, for scarcely has there been an important trial, with many witnesses, where diligent search would not have discovered evidence of this character against some witness on the trial. But it must be owing to the unbroken current of authority on the subject, early established elsewhere, that rendered it highly improbable that an attempt of this kind would be successful. Indeed the only hope the petitioner seems to entertain of his case, is based upon making it appear that it is an exception to the general rule, which he freely admits is adverse to his claim.

The general rule is, that a new trial will not be granted on account of newly discovered evidence to impeach the character of witnesses sworn on a former trial. *Dickinson* v. *Blake,* 6 Bro. P. C., 538; *Bunn* v. *Hoyt,* 3 Johns., 255; *Shumway* v. *Fowler,* 4 id., 425; *Duryee* v. *Dennison,* 5 id., 248; *Flemming* v. *Hollenbach,* 7 Barb., 271; *Price* v. *Ward,* 2 Halst., 127; *Reed* v. *McGrew,* 5 Ham., 375; *Den* v. *Geiger,* 4 Halst., 225.

Is this case an exception to the rule? It is not pretended

that it comes under any established exception ; but the claim is, that a verdict was rendered against the petitioner in the court below upon the testimony of the respondent alone, and therefore justice requires that the. court should make it an exception. How the law would be if the fact was so it is unnecessary to determine, for we are satisfied that there was other testimony, highly important, in support of the respondent's case. It is true the respondent was the sole witness who testified directly to what took place between the parties at the time the release was given, but the conduct of the parties afterwards, in relation to the claim, was very significant of what then occurred. If one of the witnesses, Richard M. Clark, was to be believed, there was but little cause to doubt that the respondent told the truth in his testimony. This witness testified to admissions of the debt by the petitioner, and promises to pay it, on two different occasions, and detailed all the facts and circumstances connected therewith. How could this testimony be true without the existence of the main fact. Is it to be supposed that the petitioner promised to pay a claim wiped out forever by the release ? It is possible, but not probable.

There was other evidence of importance in support of the respondent's case. The respondent testified that in one of the interviews with the petitioner in relation to the claim the petitioner was desirous of a further postponement of payment, and promised to send him some old Madeira wine, which was soon after sent. The petitioner testified that he did not send the wine, that he did not order any to be sent or pay for any, but protested against its being sent. The protestation against its being sent, without stating who sent it, and explaining the circumstance, was evidently uttered without consideration, and shows that he knew more in relation to the subject than he was willing to reveal. The respondent represented the transaction as an inducement for him to postpone payment at that time, and, if so, it was highly important.

Some presumption might arise in favor of the respondent from the conduct of the parties after the release was given. We see the respondent pursuing the petitioner with great per

sistency of purpose to recover his claim, meeting him again and again in relation thereto, as the petitioner admits ; and it seems from the testimony of the petitioner that he bore the importunity with patience not to have been expected of one who was under no obligation to pay, and who had informed the respondent again and again that he never would pay. All this was in keeping with the theory of the plaintiff on the trial, and hardly in accord with that of the defendant.

We see no good reason for making this case an exception to the general rule.

There is another fatal objection to the petitioner's case. Although it is stated in his petition that he had no knowledge or means of knowledge that the character of the respondent for truth and veracity was not equal to that of mankind in general, and that the want of such knowledge or means of knowledge was attributable to no fault or want of diligence on his part, still the petition sets forth facts which go to show that he did not exercise that degree of diligence which is required by the rule established by this court in the case of *Waller* v. *Graves*, 20 Conn., 310. It appears that it was well known to the petitioner that the respondent resided in the city of New Haven, and had done so many years, and that the petitioner resided in the city of New York, a place within three hours ride from New Haven ; and that the declaration sets forth with great particularity the grounds of the respondent's case. It told the petitioner that the respondent was seeking to recover the amount of the debt released, on a promise made by him at the time, and in consideration of the release. He knew that there was no one present when the release was given but himself and the respondent, and of course no one could testify to such a promise but the respondent. He had every reason to expect, therefore, that the respondent would testify to such a promise, that is, that he would commit perjury on the petitioner's theory. He knew that general reputation from its very nature would be generally known. It appears too that, with all this knowledge, he had more than one year to prepare his case for trial. How then can the petitioner say that he exercised any degree of diligence to procure this evidence, when he went to trial under the expectation that the respon-

dent would commit perjury, and knowing full well, if his character for truth and veracity was bad, slight enquiry on the subject would reveal the fact ? Would not a person of ordinary caution and discernment have suspected that if a man was base enough to commit so gross a perjury his general reputation for truth might be bad ? And would he not have made enquiry on the subject ? We think this objection is fatal to the petitioner's cause.

On the whole we are satisfied that the petition is insufficient in the law, and so advise the superior court.

In this opinion the other judges concurred.