FELICINA DANTE *vs.* JOSEPH DANTE.

First Judicial District, Hartford, October Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

In determining the legal sufficiency of a complaint upon demurrer, only those facts which are alleged in the complaint itself can be considered. Accordingly, a special finding which attempts to import additional facts into this issue, is out of place, and will be stricken from the record upon motion.

In the absence of an adequate remedy at law, the general equity powers inherent in the Court of Common Pleas may be invoked to prevent

Dante *v.* Dante.

the enforcement of a judgment of that court obtained in a cause in which the applicant had no opportunity to make defense, or was prevented from doing so by accident, fraud or improper conduct upon the part of his opponent while free from fault himself.

There is no conflict or incompatability between the provisions of § 5780 of the General Statutes for opening defaults and restoring the cause to the docket within four months from the date of the judgment therein, and the provisions in § 5850 for granting new trials, which may be invoked within three years next after the rendition of the judgment; and therefore a writ and complaint in the ordinary form, brought after four months but within the three-year limitation, alleging a judgment by default, want of notice and an opportunity to defend, and the existence of a complete defense, and praying that the judgment may be set aside and a new trial allowed,—is not demurrable upon the theory that all judgments by default fall within § 5780 and are subject to the four months limitation therein prescribed.

Argued October 1st, 1918—decided January 14th, 1919.

ACTION by writ and complaint claiming a new trial in an action brought by the defendant against the plaintiff, on the alleged ground of a lack of notice and knowledge of its pendency, brought to the Court of Common Pleas in Litchfield County where a demurrer to the complaint was sustained (*Woodruff, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

The plaintiff's complaint alleges, in substance, that her husband, the defendant in this case, brought an action against her to the Court of Common Pleas for Litchfield County, which was made returnable upon the first Tuesday of January, 1917; that such action was for the alleged conversion of household furniture claimed to be owned by the husband; that when such action was commenced she had been driven from her home by the intolerable cruelty of her husband; that the writ and complaint therein averred that this plaintiff had gone to parts unknown; that the officer's return upon the writ stated that he left a true and attested copy of the process at the usual place of abode of the

present defendant; that this officer knew, or ought to have known, that no such copy was left at the plaintiff's usual place of abode; that this plaintiff never knew or had any reason to believe that any suit was or could be brought against her by her husband; and that she never had any notice, actual or constructive, of the pendency of the former action. The complaint further alleges that on June 18th, 1917, the present defendant recovered judgment by default against the plaintiff in this case for $1,000, in the Court of Common Pleas for Litchfield County; that the plaintiff never knew that such action was pending against her and never had any opportunity to appear and defend the same, although she had a complete defense to the entire cause of action.

The writ in the present case is dated November 15th, 1917. The plaintiff claims that the judgment of $1,000, hereinbefore referred to, should be set aside, and that a new trial should be granted.

*Thomas J. Wall*, for the appellant (plaintiff).

*Samuel A. Herman*, for the appellee (defendant).

RORABACK, J. The defendant, by demurrer, questions the sufficiency of the facts set forth in the complaint, and also the procedure by which the plaintiff is attempting to obtain relief. "The demurrer admits the facts averred, and no others, and there is no way known to the law whereby other facts may be imported into the issue tendered by the demurrer, or whereby that issue can become other than one as to the sufficiency of the allegations of the complaint as they are made." *Ryan* v. *Knights of Columbus*, 82 Conn. 91, 92, 72 Atl. 574. For these reasons we cannot make use of certain facts set forth in a special finding of the court below, and the motion to have the same stricken from the record is allowed.

It can be stated, without discussion, that the complaint in the present case sets forth facts which, if true, furnish a substantial foundation for a claim for relief. It is not absolutely essential for the plaintiff to rest her application upon any statutory provision for granting new trials for reasonable cause. On the contrary, if, as the defendant now claims, there is no adequate remedy at law, she may rely upon the general equity powers inherent in the court to which her application is addressed. This jurisdiction will be exercised, when to enforce a judgment recovered is against conscience, and where the applicant had no opportunity to make defense, or was prevented by accident, or the fraud or improper management of the opposite party, and without fault on his own part. *Carrington* v. *Holabird,* 17 Conn. 530, 537; *Jarvis* v. *Martin,* 77 Conn. 19, 20, 58 Atl. 15. See also *Smith* v. *Hall,* 71 Conn. 427, 42 Atl. 86. But the defendant contends that the plaintiff's remedy, if any, is purely statutory, and as bearing upon the right of the plaintiff to maintain her action in its present form and at this time, the defendant insists that this is exclusively controlled by § 5780, which, in its present form, was passed in 1915, and amended the then existing statute (Rev. of 1902, § 748). The Public Act of 1915 (§ 5780) provides that "Any judgment rendered or decree passed upon a default or nonsuit in the superior court, court of common pleas, district court of Waterbury or in any city court, may be set aside within four months succeeding the date on which it was rendered or passed, and the cause reinstated on the docket." The defendant in this connection now claims, that since more than five months had elapsed after the judgment was rendered in the first action, before the complaint now before us was issued, the limitation of the Act of 1915 applies. The remedy provided by § 5780 is not exclusive. This section should

Dante v. Dante.

be read in the light of § 5850 of the General Statutes which provides that "the superior court, court of common pleas, district court of Waterbury and any city court may grant new trials of causes that may come before them respectively, for mispleading, the discovery of new evidence, want of actual notice of the suit to any defendant, or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause, according to the usual rules in such cases." These two sections are not in conflict or incompatible. In the Revisions of 1875 and 1888, these enactments, substantially in their present form, stood together, § 5780 immediately following § 5850. The former (§ 5780) then was much narrower in its scope than the latter (§ 5850). Section 5780 simply dealt with judgments by default, and provided a simple and expeditious remedy when such a judgment had been rendered, to set it aside and reinstate the case on the docket as though it was still pending.

Authority is expressly given in general terms by § 5850 to grant new trials in a certain class of cases which, by implication, necessarily includes judgments by default. This authority can be taken away in a particular case only by an explicit enactment which is not to be found in § 5780. Actions for new trials may be commenced at any time within three years next after the rendition of the judgment complained of. General Statutes, § 6161. As the present case was commenced within about five months after the rendition of the judgment in question, it necessarily follows that the plaintiff has not lost her right to maintain the present action by any statutory limitation.

There is error, the judgment is set aside and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.