An application for a writ of mandamus that the respondent be ordered to allow execution to issue upon his judgment in a summary process action came to this court on July 16, 1947, when an alternative writ was granted (Wall,J.). Hearing was held in this court on July 29, when the parties appeared. The respondent filed a return setting forth facts which are admitted to be true, and with such further facts as were admitted by counsel at this hearing they are as follows:
By writ dated March 3, 1947, Charles C. Anderson brought a summary process action to the City Court of New Britain against one Eva L. Moore to obtain possession of a certain tenement in New Britain owned by said Anderson in which said Moore was then residing as a tenant. The respondent Manuel B. Clark, who had been duly appointed as acting judge of the City Court of New Britain, presided over said court on said date. On March 24, 1947, the parties to this summary process action appeared before said City Court and hearing was had. The defendant Moore represented that due to the critical housing shortage she was unable to find accommodations for herself and family. On said March 24, 1947, judgment was rendered for the plaintiff. The judgment file in said City Court reads as follows: "The Court having heard the parties, found the issues for the plaintiff and adjudged that the Plaintiff recover of the Defendant possession of said tenement described in said complaint and his costs taxed at 13 Dollars and 7 Cents, with stay of execution to July 1st, 1947." Thereafter, on June 24, 1947, the defendant Eva L. Moore filed with the City Court of New Britain an application to reopen said judgment and to extend the stay of execution. On June 30, 1947, this motion was heard by said court, Manuel B. Clark presiding as acting judge. The parties and their counsel appeared and were heard. The defendant Eva L. Moore represented that she had purchased dwelling-house property in New Britain; that she, as owner, had brought an action of summary process to obtain possession of this property, which action was brought to the City Court of New Britain and that on May 22, 1947, judgment was rendered by said Court (Downes, J.) in her favor to recover possession of said property plus costs with a stay of execution, however, in favor of the tenant to December 1, 1947. She further represented that she was unable to obtain other housing accommodations and that hardship would result unless a stay of execution was granted at this time to conform to the judgment in the matter in which she is the plaintiff seeking possession. *Page 143 
On said June 30, 1947, the judgment was reopened in the case of Charles C. Anderson v. Eva L. Moore, Acting Judge Manuel B. Clark presiding. The judgment file reads as follows: "The Court having heard the parties, re-opened said judgment and adjudged that judgment be entered for the plaintiff to recover of the Defendant possession of said tenement in said complaint described, and his costs taxed at 13 Dollars and 7 Cents, with stay of execution to December 1st, 1947."
The relator contends that the judge of the City Court had no discretion to stay execution of the judgment; that, judgment having been given for the plaintiff to recover possession, the issuance of execution to enforce it is a ministerial act which can be compelled by mandamus. The respondent contends, however, that § 5974 of the General Statutes, providing that "judgment shall be rendered for the complainant that he recover possession of the premises with his costs, and execution shall enter accordingly," provides a basis for the exercise of discretion on the part of the court as to when execution may issue.
A ministerial act is one which a person performs in a given state of facts, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done. State ex rel. Foote v. Bartholomew,103 Conn. 607, 614. If the respondent is clothed with discretionary power to grant the stay of execution complained of, mandamus will not lie to control this discretion in the absence of proof of an abuse of such discretion. No claim is made of an abuse of discretion.
"The action of summary process is a special statutory proceeding." General Statutes, § 5971 et seq., and amendments thereto. It provides "a remedy to enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. 1 Swift's Dig. 511. Marsh v. Burhans, 79 Conn. 306, 308. The proceeding was not only intended to be summary but conclusive.Banks v. Porter, 39 Conn. 307, 308. Pursuant to this intent, § 5974 of the General Statutes provides that no appeal shall be allowed, and § 5980 imposes strict limitations upon resort to writ of error." Atlantic Refining Co. v. O'Keefe,131 Conn. 528, 530. *Page 144 
The summary nature of our statutory procedure of summary process has been passed upon many times by our Supreme Court of Errors, and it has been pointed out that the proper procedure to obtain a review of claimed errors of law in a summary process action is by writ of error. Marsh v. Burhans, 79 Conn. 306;Alpert v. Peloquin, 96 Conn. 626; Atlantic Refining Co.
v. O'Keefe, supra.
It is a generally recognized rule that a peremptory writ of mandamus will not issue except where the relator has a clear, legal right to the writ at the time his application therefor is made. It neither gives nor defines rights which one does not already have; it acts at the instance of one having a complaint and immediate legal right; it cannot and does not act upon a doubtful or contested right. A peremptory writ of mandamus is not demandable as a matter of strict right but is subject to the sound legal discretion of the court and lies only where the relator has a clear, legal right. Neither will it lie in the event that the relator has a means of determining his right by other appropriate proceedings. State ex rel. Rowell v. Boyle,115 Conn. 406.
One of the elements essential to obtaining relief by mandamus is that the right of the person applying for it is clear, and he is without other adequate remedy. State ex rel. Lacerenza
v. Osborn, 133 Conn. 530, 534. If the relator desired to contest the judgment of the City Court in this summary process action, he had an adequate remedy by procuring a writ of error. This he did not do but now seeks the employment of mandamus as an appellate proceeding. It will not issue for such purpose.
 A peremptory writ of mandamus is denied.