JAMES BLACK *v.* UNIVERSAL C. I. T. CREDIT CORPORATION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 6—decided December 18, 1962

*Roslyn Z. P. Montlick,* for the appellant (plaintiff).

*James R. Greenfield,* with whom was *Gerald M. Still,* for the appellee (defendant).

KING, J. The plaintiff, James Black, a resident of Connecticut, brought this petition for a new trial under the provisions of § 52-270 of the General Statutes.[1] It is admitted in the pleadings that the defendant, a finance company hereinafter referred to as C.I.T., had instituted an action against Black to recover an amount alleged to be due on the pur-

---

[1] "Sec. 52-270. CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. The superior court, the court of common pleas or the circuit court may grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause, according to the usual rules in such cases."

chase price of an automobile which Black had bought from a Ford dealer. A deficiency judgment was rendered in favor of C.I.T. for the balance remaining after the car had been repossessed and resold by C.I.T. Counsel in argument assumed, although it is not specifically set forth in the finding or in the pleadings, that the repossession, if not with the consent and approval of Black, was accomplished without resort to legal process. The deficiency judgment action was returned to the former City Court of New Haven on the fifth Tuesday of August, 1960. Service was made on Black by leaving a copy of the process at his usual place of abode, in Connecticut, under the provisions of § 52-57 of the General Statutes. See *Smith* v. *Smith,* 150 Conn. 15, 19, 183 A.2d 848.

This petition for a new trial was brought to the Circuit Court, as the successor to the City Court of New Haven, and in it Black alleged, in substance, that he was not personally served with process in the deficiency judgment action, that at the time of the claimed service he was temporarily absent from the state, that he had no actual notice of the action and had never seen the process, and that consequently he did not have a reasonable opportunity to appear and defend himself. He alleged further that he had a just and adequate defense in that C.I.T. failed to comply with the statutory requirements relating to the repossession and sale of motor vehicles, and that the deficiency judgment rendered against him was unjust.

The Circuit Court made no finding as to any actual receipt by Black of the process in the deficiency judgment action, nor as to his knowledge of the contents of the process; it did find, however, that he received at least two short calendar lists

giving notice that the action was pending against him; that on October 7, 1960, a default was entered against him for failure to appear; and that on October 28, 1960, judgment was rendered. The judgment was in the amount of $1008.80 plus attorneys' fees of $157.32. The court further found that thereafter Black made a motion, undoubtedly under § 52-212 of the General Statutes, to open the default judgment, and that the motion was denied on December 23, 1960. From that denial Black took no appeal, but on or about March 2, 1961, he instituted this petition for a new trial.

From these findings the Circuit Court concluded that the abode service was adequate to support the in personam judgment, that the receipt of the two short calendar lists constituted sufficient notice of the pendency of the deficiency judgment action, and that Black's conduct in failing to act after receipt of that notice was inconsistent with any claim that he had no reasonable opportunity to assert his defense to the action. From the denial of the petition, Black appealed to the Appellate Division of the Circuit Court, claiming that the trial court's conclusions were unsupported by the subordinate facts. The Appellate Division affirmed, and we granted certification for an appeal to us. See General Statutes § 51-265; Practice Book § 470A.1.

In his appeal to the Appellate Division, Black made no attack on the subordinate facts found by the trial court, but he did seek to have added to the finding certain other claimed facts. None appears to have been added. Although he again sought, in this appeal to us, to have these additions made to the finding, he filed no appendix of evidence and failed to conform to applicable procedure in other respects. Consequently, but one of the additions

sought, a fact admitted in the pleadings, can be made here. Practice Book § 470A.19; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. Since that fact affected only the issue of the validity of Black's claimed defense to the deficiency judgment action, its addition in full would not benefit him in the view which we take of the case. Indeed, even had the other additions been made, it does not appear that his case would have been materially strengthened.

Black seems to claim that abode service is inadequate to support the in personam judgment. No facts appear which would give any support to this claim. *Smith* v. *Smith,* 150 Conn. 15, 22, 183 A.2d 848. Black did not contend that any order of continuance was required under the provisions of § 52-87; nor were any facts found or claimed—such as the continued absence of Black from the state until after the return day—which would indicate the possible applicability of any such requirement. Fraud on the part of C.I.T. was not claimed, nor was it claimed that C.I.T. knew of any lack of knowledge on Black's part, if there was any, of the process or its contents. See cases such as *Winchell* v. *Sanger,* 73 Conn. 399, 404, 47 A. 706.

A petition for a new trial under § 52-270 is a proceeding essentially equitable in nature. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 5, 137 A. 26; *Palverari* v. *Finta,* 129 Conn. 38, 43, 26 A.2d 229. It is authorized, and its scope is limited, by the terms of the statute.[2] *Milestan* v.

---

[2] Thus, since equity exercised its jurisdiction in personam, it did not act directly on a judgment at law, for example by granting a new trial, except as authorized by statute. Restatement, Judgments § 113, comment a, p. 540; 19 Am. Jur. 163, Equity, § 186; *Miller* v. *McNamara,* 135 Conn. 489, 496, 66 A.2d 359; see 2 Swift, Digest (Dutton Rev. 1884) p. 151; Statutes, 1821, pp. 54 § 68, 197 § 8.

*Tisi,* 140 Conn. 464, 469, 101 A.2d 504. A plaintiff has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statute, entitle him to a new trial on the grounds claimed. *Lancaster* v. *Bank of New York,* 147 Conn. 566, 579, 164 A.2d 392; *DeMichiel & Bros.* v. *Sequin,* 114 Conn. 736, 737, 159 A. 889. Such a petition for a new trial is addressed to the legal discretion of the trial court and will never be granted except on substantial grounds. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 610, 153 A.2d 463. The statute does not furnish a substitute for, nor an alternative to, an ordinary appeal,[3] but applies only "when no other remedy is adequate" and when in equity and good conscience relief against a judgment should be granted. *Carrington* v. *Holabird,* 17 Conn. 530, 537; s.c., 19 Conn. 84, 88; *Wooster* v. *Glover,* 37 Conn. 315, 316; *Andersen* v. *State,* 43 Conn. 514, 516; *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51; *Wojculewicz* v. *State,*

---

[3] A convenient summary of the statutory changes in the common-law methods of securing a review in this court of the decisions of trial courts, culminating in the establishment, in chapter 50 of the Public Acts of 1882, of what is essentially our present system of statutory appeal, may be found in *State* v. *Caplan,* 85 Conn. 618, 622, 84 A. 280, and Maltbie, Conn. App. Proc., pp. 516-519. See *Bissell* v. *Dickerson,* 64 Conn. 61, 66, 29 A. 226. It is still sometimes necessary, for instance where a new trial is sought both on the ground of errors occurring during the trial and on the ground of newly discovered evidence, to employ both an appeal and a petition for a new trial. This is illustrated by cases such as *Lancaster* v. *Bank of New York,* 147 Conn. 566, 569, 164 A.2d 392. To obviate confusion on the general subject of new trials, it is necessary to keep in mind that a petition for a new trial under § 52-270, as well as the complaint or motion leading to a new trial under § 52-212, is entirely different from the former motion for a new trial, which was eliminated, as a method of obtaining appellate review, by § 1 of chapter 50 of the Public Acts of 1882. See *Andersen* v. *State,* 43 Conn. 514, 516; *Dante* v. *Dante,* 93 Conn. 160, 164, 105 A. 353; Maltbie, op. cit., p. 519.

142 Conn. 676, 678, 117 A.2d 439; see Restatement, Judgments § 128. Necessarily, the statute is applicable only when the error or injustice is of such a type that it can be corrected by the remedy of a new trial. *Wojculewicz* v. *State,* supra.

Where, as in this case, a judgment has been rendered after a default and there was no fraud, unfair dealing or misconduct on the part of the defendant leading to the entry of the default and judgment, § 52-270 would support the exercise of a discretion to grant a new trial only if (1) there had been, despite the exercise of due diligence, no reasonable opportunity to defend, and (2) a just defense in whole or in part existed. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* supra, 611; *Palverari* v. *Finta,* 129 Conn. 38, 43, 26 A.2d 229; *Crook* v. *Clarke,* 124 Conn. 317, 318, 199 A. 428; *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230, 171 A. 438; *Dante* v. *Dante,* 93 Conn. 160, 163, 105 A. 353; *Winchell* v. *Sanger,* 73 Conn. 399, 404, 47 A. 706; *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 396; *Tappin* v. *Clarke,* 32 Conn. 367, 371; *Carrington* v. *Holabird,* supra; see 2 Graham & Waterman, New Trials, p. 146. The unattacked finding established not only that Black had actual notice of the pendency of the action, whether or not he had actual knowledge of the contents of the process or of the short calendar claims, but also that he acquired this notice in time so that, had he exercised due diligence, he would have had a reasonable opportunity to avoid the entry of the default and interpose whatever defense he had. See cases such as *Woods* v. *Brzezinski,* 57 Conn. 471, 472, 18 A. 252; *Jartman* v. *Pacific Fire Ins. Co.,* 69 Conn. 355, 362, 37 A. 970. Thus the trial court in effect concluded that Black failed to prove due

diligence on his part as well as lack of a reasonable opportunity to defend.

The conclusions of the trial court cannot be successfully attacked on the ground that they were unsupported by the subordinate facts, were unreasonable or were an abuse of the legal discretion with which the court was endowed in this statutory proceeding. They fully supported the denial of the petition. Indeed, it is doubtful whether, on the finding, any other conclusions or decision could have been supported as within the court's legal discretion.

This determination makes it unnecessary to discuss either the second essential element, that is, the validity of Black's claimed defense, or C.I.T.'s further claim that the failure of Black to appeal from the denial of the motion he made under § 52-212 to open the default and thereby to obtain a new trial precluded him from subsequently relitigating the same basic issues in this petition for a new trial under § 52-270. See cases such as *Dante* v. *Dante,* supra, 164; 39 Am. Jur. 35, Equity, § 5.

There is no error.

In this opinion the other judges concurred.

