[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The original complaint was filed on May 11, 1985. The writ, summons, and complaint were served in hand by the Deputy Sheriff to both Joseph Liquore, Sr. and his son Joseph Liquore, Jr. on April 27, 1985. Neither defendant filed an appearance by the return date and a motion for default for failure to appear was granted on October 7, 1985. Pursuant to Sections 368-369 of the Connecticut Practice Book, the defendants were notified of the default judgment.
On November 7, 1985, the law office of Thomas Arvantely filed an appearance for both defendants at the request of Joseph Liquore, Jr. A motion to set aside the default was granted on November 19, 1985. On June 30, 1987, the plaintiff's attorney and defendants' attorney entered into a stipulated judgment against Joseph Liquore, Sr. and Joseph Liquore, Jr. for $17,000.00. Subsequently, on August 3, 1987, CT Page 7382 a judgment lien was executed on the defendants property. Attorney Charles Alaimo appeared on behalf of Joseph Liquore, Sr. on April 12, 1990 to request a discharge of the lien.
In this action, Joseph Liquore, Sr. is petitioning for a new trial on the grounds that he did not authorize the law office of Thomas Arvantely to represent him in 1985, he did not receive notice of the trial date, and he did not have a reasonable opportunity to appear and defend himself at trial in 1987.
At a June 23, 1992 hearing, Attorney Arvantely testified he represented both father and son at the request of the son which was not unusual practice. Joseph Liquore, Sr. testified he did not recall being served with the court papers and that he would have discarded them if he had received them.
Section 52-270 of the Connecticut General Statutes states the causes for which a new trial may be granted:
 . . .for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense . . . existed . . . or for other reasonable cause. . .
In Black v. Universal C.I.T. Credit Corp. 150 Conn. 188,187 A.2d 243 (1962), the plaintiff petitioned for a new trial on the grounds that he had no actual notice of the action and consequently had no reasonable opportunity to appear and defend himself. The plaintiff had received at least two notices of the pending action; the default judgment for failure to appear and the subsequent judgment for damages. In denying the petition, the court concluded that . . . [the defendant's] conduct in failing to act after receipt of that notice was inconsistent with any claim that he had no reasonable opportunity to assert his defense . . . [and that] had he exercised due diligence, he would have had a reasonable opportunity to avoid the entry of default and interpose whatever defense he had.
In addition, the court reasoned that
 A petition for a new trial under Section 52-270 is . . . equitable in nature. It is authorized, and its scope is limited, by the terms of the statute. A plaintiff has the burden of alleging and proving facts which would, in conformity CT Page 7383 with . . . the statute, entitle him to a new trial . . . Such a petition . . . is addressed to the legal discretion of the trial court and will never be granted except on substantial grounds.
(Citations omitted.) Black, supra, 192-3.
Conclusion
Joseph Liquore, Sr. received in hand service of process and notice of the default judgment against him. Joseph Liquore, Sr. chose not to consult his own attorney until after the execution of the judgment lien which occurred after the stipulated judgment. Moreover, Attorney Thomas Arvantely testified at the hearing that he appeared on behalf of both Joseph Liquore, Sr. and his son Joseph Liquore, Jr. at the request of Joseph Liquore, Jr. and his office was authorized to enter into the stipulated judgment for them. Joseph Liquore, Sr. did receive notice of the default judgment and did have a reasonable opportunity to appear and defend but chose not to exercise his right. Therefore, the request for a new trial is denied.
BY THE COURT,
Honorable Robert McWeeny, J.