[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Andrea Conant moves this Court to open a judgment entered against her by default of her appearance and upon a hearing in damages. The judgment is based upon plaintiff Pamela D'Addio's claim that defendant Andrea Conant, her former landlord, failed to return her security deposit of $700, and that by statute she is entitled to double the security deposit plus interest and costs. Judgment in the amount of $1,400 plus interest and costs, was entered on August 17, 1995.
Defendant Andrea Conant contends that she first became aware of this action sometime in October of 1995 when an execution to satisfy it from her wages was served upon her employer. Defendant Conant argues further that she did not CT Page 1418 fail to return the security deposit since the plaintiff failed to provide a forwarding address, as required by statute. The plaintiff claims that a forwarding address was provided.
The statutory authority for opening a judgment is set out in General Statutes § 52-212(a) which states in pertinent part that
 [a]ny judgment rendered or decree passes upon a default . . . may be set aside . . . upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense . . . existed at the time of the . . . judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense.
Defendant Andrea Conant claims that she satisfies this two prong test for opening a judgment upon default: namely; 1) that she has a good . . . defense and 2) that she was prevented by mistake, accident or other reasonable cause from asserting her defense.
At the hearing on this motion to open judgment the parties adduced evidence which established the basis for the facts found by this Court and presented hereinafter.
Service of Process and Notice
As stated earlier, defendant Andrea Conant testified at the hearing on her motion to open judgment that although the judgment entered on August 17, 1995, she first became aware of the judgment sometime in October 1995 when her employer received a court execution authorizing collection from her wages.
However, Sheriff Robert Miller testified that on June 15, 1995 he served the writ, summons and complaint in this action by sliding ". . . the paper into the side of her front door at 132 Foxwood Lane, Milford, Connecticut." The court finds the sheriff's testimony credible and finds that proper service was made at the defendant's abode on June 15, 1995.
"Abode service is only a step removed CT Page 1419 from manual service and serves the same dual function of conferring jurisdiction and giving notice. (Citation omitted.) Its chief purpose is to ensure actual notice to the defendant that the action is pending.
Smith v. Smith, 150 Conn. 15, 20 (1962).
Thus the Court finds that the abode service in this case accomplished the dual function referred to above, including the function of providing the defendant with legal notice of this action.
Furthermore, the court finds that it is reasonable to conclude that the plaintiff received additional notice of this action — and prior to the entry of judgment — from a mailing which emanated from the office of the Clerk of this court. Based upon an entry on the docket sheet, the court finds that the clerk on August 9, 1995 mailed to the defendant a notice of the hearing in damages, scheduled for August 17, 1995.
Accordingly, the court finds that the plaintiff had ample notice of this action prior to the entry of judgment, and that there is no evidence that she was prevented ". . . by mistake, accident or other reasonable cause from . . . making [her] defense." General Statutes § 52-212(a). In this regard, see Black v. Universal C.I.T. Credit Corporation, 150 Conn. 188,191 (1962) where the Supreme Court found that the receipt of two short calendar lists constituted evidence of notice of a pending action.
Furthermore, the court finds no other reasonable cause for the defendant not presenting her defense prior to judgment. Inasmuch as the defendant had ample notice of the pendency of this case, the court need not and declines to address the substance of her defense.
For the foregoing reasons and upon the authorities aforesaid, the defendant's motion to open judgment is denied.
Clarance J. Jones, Judge CT Page 1420