[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Marie F. Strol, petitions the court pursuant to General Statutes § 52-270 to order a new trial in the consolidated matters of CT Page 11264 Gerald J. Strol v. Ronald H. Strol and Marie F. Strol, CV 94-0066081; and Gerald J. Strol v. Ronald H. Strol and Marie F. Strol, CV 95-0068350. The underlying actions were brought to set aside and declare null and void two quit claim deeds, and to seek monetary damages. Those matters were tried together before the court, Pickett, J., who filed a memorandum of decision and entered judgment in favor of the plaintiff on September 5, 1996.
 I.
By way of background, the petitioner is the mother of Ronald and Gerald Strol. Through the 1970s and until the late 1980s, Ronald Strol was apparently quite successful in real estate and business, whereby he owed several businesses, a car dealership, and over one hundred parcels of real estate. However, with the decline in real estate values in the late 1980s, Ronald Strol was forced into bankruptcy by 1991. Among the businesses owned by Ronald Strol during those times were three marinas on Candlewood Lake, all apparently run through his wholly owned corporation known as Marineland, Inc. From 1976 until 1994, Gerald Strol was employed by Marineland, Inc. as a mechanic and handy-man for the "family business." Gerald also served as corporate secretary for Marineland, and was used in that capacity mainly as a conduit by Ronald for the signing of the necessary corporate paperwork for the various boat and trailer titles.
In December 1976, Gerald Strol purchased real property located at Cedar Terrace, Danbury, Connecticut from his brother Ronald. Ronald executed a warranty deed for the transaction and took back a mortgage from Gerald. In December 1986, Gerald obtained another parcel of property known as 6 Candlewood Springs, New Milford. That property was obtained for no consideration from the petitioner by quit claim deed executed by Ronald, acting through a Power of Attorney from the petitioner. Both properties were thereafter managed by Ronald and his wife, who found tenants, collected rents and paid all expenses.
On May 20, 1994, quit claim deeds were recorded for both the Cedar Terrace and Candlewood Springs properties on their respective town land records. The deeds conveyed all of Gerald's interest in the properties to the petitioner. In June, 1994, Gerald discovered the transfer of the properties and thereafter filed the underlying actions claiming that the deeds were fraudulently executed.
The underlying actions were tried before the court in July, 1996. All parties appeared and were represented by counsel. Subsequent to the court entering judgment in favor of the plaintiff, the defendants filed an appeal and the Appellate Court affirmed the decision of the trial court, CT Page 11265 see Strol v. Strol, 45 Conn. App. 927 (1997).
 II.
In support of her petition for a new trial, the petitioner has submitted a number of documents to the court including copies of both disputed quit claim deeds, and copies of several title documents which were typical of the documents that Gerald Strol was familiar with in his dealings with Ronald Strol and Marineland, Inc. The court also heard testimony from the petitioner and Ronald H, Strol who set forth certain claims as to why the court should grant the petition for a new trial.
The petitioner claims that the judgment in the underlying matter was obtained against equity and good conscience, entitling her to relief under the "other reasonable cause" provision of § 52-270. The petitioner specifically asserts that she has "material evidence that was never presented to the trial court."
Section 52-270 (a), the statute upon which this petition is brought, provides as follows:
 The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action.
"A petition for a new trial under § 52-270 is a proceeding essentially equitable in nature. . . . It is authorized, and its scope is limited, by the terms of the statute . . . The salutary purpose of the statute is that if a party has a meritorious defense and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon another trial . . . General Statutes § 52-270
sets forth the limited circumstances in which a new trial will be granted. The petitioner [for a new trial] has the burden of proving by a preponderance of the evidence that he is entitled to a new trial on the CT Page 11266 grounds claimed . . . A petition for a new trial [under § 52-270] is addressed to the discretion of the trial court and will never be granted except upon substantial grounds . . . Although General Statutes §52-270 permits the court to grant a new trial upon proof of reasonable cause, the circumstances in which reasonable cause may be found are limited . . . The basic test of reasonable cause is whether a litigant,despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. . . . A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." (Brackets in original; citations omitted; emphasis in original; internal quotation marks omitted.) Jacobs v. Fazzano, 59 Conn. App. 716, 722-724
(2000). "The statute does not furnish a substitute for, nor an alternative to, an ordinary appeal, but applies only `when no other remedy is adequate' and when in equity and good conscience relief against a judgment should be granted . . . Necessarily, the statute is applicable only when the error or injustice is of such a type that it can be corrected by the remedy of a new trial." (Citations omitted.) Black v.Universal C.I.T. Credit Corp., 150 Conn. 188, 193-194 (1962).
The petitioner claims that material evidence was never presented to the court at trial. Specifically, she claims that while the Candlewood Springs property was in the name of Gerald Strol, she paid association dues for the property to dispose of a pending foreclosure. Ronald Strol claims while both properties were in Gerald's name, only he and his wife administered and paid substantial monies for the general maintenance of the properties. Ronald further claims that for several years, Gerald lived rent free in several of Ronald's properties.
While the petitioner claims that this evidence was not presented at trial, all of it was known to the defendants at that time and could have been presented. The evidence may be relevant to the issue of damages, but is only marginally related to the issues of fraud which underlined the entire proceeding.
The petitioner also raises the claim that Gerald's mistaken signing of the quit claim deeds was impossible in view of that fact that he was a licenced real estate broker and was familiar with, and competent to deal with the nature of the paperwork that he was asked to sign on a regular basis. Again, all of that information was known to the defendants at the time of trial and could have been presented at that time.
The petitioner also raises through her son, Ronald, a different version of the events surrounding the execution of the quit claim deeds for the Cedar Terrace and Candlewood Springs properties. Ronald now claims that a CT Page 11267 second set of deeds were prepared and executed on or about May 19, 1994. He claims that he did not recall that fact at the time of trial in July 1996, or in his deposition in December 22, 1994, because of his state of depression over his bankruptcy. The court does not find Ronald's improved memory credible.
This matter was fully tried before the court and a timely appeal of the judgment of the trial court was taken by the petitioner. The petitioner had ample opportunity to present her evidence at trial and raise any claims of error upon appeal. The petitioner does not raise any claims that evidence was not presented due to fraud, accident or mistake, nor does she show that in equity and good conscience, relief against the judgment should be granted.
Accordingly, the petition for a new trial is denied.
Matasavage, J.