[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion dated and filed May 23, 2002, the defendant Roberta Smith Riley moves to open the judgment entered by this court on November 20, 2001 after defaults entered against the defendants. She claims that she was prevented from making a defense to this action by mistake, accident or other reasonable cause and that she has a good defense to the action.
The court heard testimony from the moving party, the plaintiff, Attorney Robert Fisher, state marshal Paul Krenitsky and Connecticut State Trooper Gavell. Based on the credible evidence, the court finds that this motion should be denied.
General Statutes § 52-212 and Practice Book § 17-43 govern motions to open default judgment.
 Section 52-212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause.'
In re Baby Girl B., 224 Conn. 263, 284 (1992).
Here, the evidence shows that the defendant had notice of the writ, summons and complaint by her signing the return receipt in late July 2001 in San Francisco, California. Service was also properly made at the defendant's Connecticut abode. Her husband, the other defendant, did telephone the court the day of the first hearing. While judgment entered on November 21, 2001, the plaintiff sent notice of the entry of judgment on December 12, 2001, to the defendants by first class mail to both the CT Page 8942 San Francisco address and the New Preston address.
 A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. Black v. Universal C.I.T. Credit Corp., 150 Conn. 188, 194, 187 A.2d 243 (1962). "Negligence is not ground for vacating a judgment, and it as been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." Pantlin Chananie Development Corp. v. Hartford Cement Building Co., 196 Conn. 233, 240-41, 492 A.2d 159 (1985). Negligence of a party or his counsel is insufficient for purposes of § 52-212
to set aside a default judgment. Segretario v. Stewart-Warner Corp., 9 Conn. App. 355, 363, 519 A.2d 76
(1986); see also Jaquith v. Revson, 159 Conn. 427, 270 A.2d 559 (1970).
State v. Ritz Realty Corp., 63 Conn. App. 544, 548-49 (2001).
The evidence shows that this defendant received notice of this action. It further shows that the plaintiff sent notice of the judgment in December, 2001 to the New Preston address at which the defendant does and did receive mail. Compare with Lyman v. Lodrini, 63 Conn. App. 739, cert. denied, 258 Conn. 902 (2001) (presumption of receipt rebutted by testimony that defendant's no longer received mail at address.) Nevertheless, the defendant did not file this motion within the four month period mandated under § 52-212.
For the foregoing reasons, the motion is denied.
DiPentima, J.