ENGLER INSTRUMENT COMPANY *v.* DESIGN PRODUCTIONEERING CORPORATION

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-649-30885

Argued July 26—decided September 3, 1965

*Benjamin H. Gilman,* of Bridgeport, for the appellant (defendant).

*Burton M. Weinstein,* of Bridgeport, for the appellee (plaintiff).

JACOBS, J. This action on the common counts was instituted on September 5, 1964, and was made returnable to the Circuit Court on the fourth Tuesday of September, 1964. Service of the writ was made on the defendant, Design Productioneering Corporation, on September 9, 1964, by "leaving a true and attested copy . . . [of the writ] with and in the hands of John Demarest, vice president[1] of said [corporation] . . . ." A default for failure to appear was granted on October 21, 1964, and on the same date judgment on the default was entered for the plaintiff for $300 in accordance with an affidavit of debt "as evidenced by the statement of account . . . which is attached hereto and made a part hereof and is labelled Exhibit 'A.'" See Practice Book § 879. On October 23, 1964, notice of the default and a copy of the judgment were given to the defendant. Thereafter, on November 9, 1964, an execution on the judgment was issued, and demand for payment was made on November 17. The execution was returned to court on November 25 and contained the endorsement "wholly unsatis-

[1] The officer's return, the trial court's memorandum of decision and the finding all refer to John Demarest as the vice president of the defendant corporation; however, in the transcript (p. 8), Demarest testified that he had been the president of the corporation "since July 1st of last year."

fied." On December 22, service of a petition for examination of judgment debtor was made upon John Demarest in his capacity as "vice president" of the defendant. A hearing on the petition was held on January 14, 1965 *(Sullivan, J.)*, at which time Demarest appeared; at his request, the hearing was adjourned to January 28, 1965, to give him an opportunity to obtain counsel. On January 16, 1965, almost three months after the rendition of judgment, the defendant filed an appearance through his counsel. On January 22, 1965, the defendant filed a motion to set aside the judgment and to reinstate on the docket, and, on March 10, an amendment to the motion. The basis of the motion and the amendment was that when judgment was rendered (1) the defendant had a good and valid defense and counterclaim but (2) was prevented by mistake and other reasonable causes from appearing and making its defense and counterclaim, and (3) the plaintiff's affidavit and supporting papers lacked sufficient information and detail to support the judgment.

"The power of a court to open a judgment upon default is controlled by § 52-212 of the General Statutes, which provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person 'prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment . . . and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same.' " *Lundborg* v. *Salvatore,* 148 Conn. 435, 438; see Practice Book § 286; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34. "A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the

matter, whether of allowance or refusal, will not generally be disturbed by the appellate court, unless there has been a manifest abuse of such discretion." 1 Black, Judgments (2d Ed.) § 354; see *Jartman* v. *Pacific Fire Ins. Co.*, 69 Conn. 355, 362; 3 Freeman, Judgments (5th Ed.) § 1295, p. 2689; 30A Am. Jur. 605, Judgments, § 632; Stephenson, Conn. Civil Proc. § 126(a). The denial of a motion to open a judgment is an appealable judgment. *State* v. *Fahey,* 146 Conn. 55, 59.

When the writ was served on Demarest, the corporation was in the process of moving its factory and offices from its then location to another location in Bridgeport. Demarest turned the writ over to an employee of the corporation who placed it in a carton along with other papers. No further action was taken as to the lawsuit. The trial court found that Demarest was an intelligent business man who knew the significance and consequences of the action which had been instituted against the defendant but nevertheless "chose to ignore the . . . suit" and showed an "indifference to the action." It was undisputed that the defendant had full and ample notice of the litigation, and the court so found. The court also found that "[t]here was no fraud, unfair dealing or misconduct on the part of the plaintiff or plaintiff's counsel leading to the entry of the default and the judgment entered after the default."

The defendant says that in the process of moving the plant and offices, which commenced in the latter part of August and was not completed until November, 1964, "files and papers were in a confused state and files were emptied into boxes." "A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from

his negligent failure to take the proceedings required for his protection." 1 Freeman, op. cit. § 243, p. 484; see 49 C.J.S. 632, Judgments, § 334. We have examined the evidence certified to us in connection with the assignments of error seeking corrections in the finding. No corrections can be made. The court's conclusion that the failure of the defendant to appear was not due to any mistake or accident or other reasonable cause is fully warranted by the subordinate facts found. Its failure to appear and defend was due either to indifference or inattention or both. "The mere negligence or inattention of a party is no ground for vacating a judgment against him." 1 Freeman, op. cit. § 242, p. 481. "Parties are not justified in neglecting their cases . . . merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable." Id..§ 243, p. 486; see *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393.

As for the amendment to the motion, the defendant did not allege therein, nor does it appear therefrom, that it did not know the "true nature and basis of the claim," nor was it shown that the defendant was either prejudiced or misled by the condition of the pleadings. "A judgment will not be set aside . . . for . . . omissions, or irregularities in the process, not affecting the jurisdiction, especially where defendant had actual notice of the commencement of the action . . . ." 49 C.J.S. 616, Judgments, § 334. While it is true that the statement of account might have contained more detailed data, the defendant was in no manner misled to its prejudice by reason thereof. See *Faure* v. *Drollinger*, 60 Cal. App. 594, 596. "Under these circumstances, even if every other claim of the defendant had been supported, the trial court did not exceed the limits of judicial discretion in refusing to open the default."

*Jartman* v. *Pacific Fire Ins. Co.,* supra, 363; see *Barton* v. *Barton,* 123 Conn. 487, 491; *Carrington* v. *Muhlfeld,* 122 Conn. 334, 337; *White's Appeal,* 75 Conn. 314, 319.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.