The plaintiffs brought this action to recover from the defendant medical expenses alleged to have been incurred by the plaintiffs as a result of the defendant's failure to pay premiums on a medical insurance policy as required by an agreement between the plaintiff Vincent Motes and the defendant, his employer. The writ, summons, and complaint were served on June 11, 1973, by leaving a true and attested copy of the original writ, summons and complaint with and in the hands of Iris Karzian, secretary and treasurer of the defendant, a family corporation. The plaintiffs moved for default for failure to appear and for judgment, which motion was granted on September 26, 1973. The plaintiffs sent to the defendant by registered mail, return receipt requested, a notice of the judgment and a demand for payment. Mrs. Karzian subsequently acknowledged receipt of the notice and demand. On January 9, 1974, the plaintiffs moved for execution on the judgment, which was granted on January 14, 1974. On January 23, 1974, a motion to open the default judgment was filed, along with an affidavit alleging that the "defendant" was out of state when the writ was served and "his" wife forgot about it and "he" had no knowledge of it until after the default was obtained. The words in quotation marks actually refer to the president of the defendant.
The opening of a default judgment is governed by § 52-212 of the General Statutes, which stated in part: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or the circuit court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case *Page 542 
reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same." In essence, the granting of a motion to open, unless the motion is based on a pure error of law, lies in the sound discretion of the trial court, and the denial of the motion is not an abuse of discretion if it appears that the defendant has no defense or that he has not been prevented from appearing by mistake, accident or other reasonable cause. Jacobson v. Robington, 139 Conn. 532, 536.
We first consider whether the defendant was prevented from appearing because of mistake, accident or other reasonable cause. It appears from the record that Mrs. Karzian, secretary and treasurer of the defendant and wife of its president, received the writ, apparently disposed of it, and then forgot about it. This was a negligent act. "`A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection.'" Engler InstrumentCo. v. Design Productioneering Corporation,
3 Conn. Cir. Ct. 393, 396-97, quoting 1 Freeman, Judgments (5th Ed.) § 243, p. 484. "For this [the trial court's] discretion to be exercised in favor of the defaulted party, it must be shown that he was prevented from appearing by `mistake, accident or other reasonable cause.' The judgment should not ordinarily be opened if his failure to appear or procure *Page 543 
a continuance resulted from his own negligence."Automotive Twins, Inc. v. Klein, 138 Conn. 28,34. The court's refusal to open the default judgment because of the defendant's negligence in failing to appear was not an abuse of discretion.
The defendant's reliance on the holding in Dante
v. Dante, 93 Conn. 160, is misplaced. The equitable powers of courts may be invoked "when to enforce a judgment recovered is against conscience, and where the applicant had no opportunity to make defense, or was prevented by accident, or the fraud or improper management of the opposite party, and without fault on his own part." Id., 163. The present motion, brought under § 52-212, was not addressed to the equitable jurisdiction of the Circuit Court. Even if it had been so framed, it lacked the requisite elements as set forth in Dante v. Dante,
supra. This is so especially in view of the finding of the trial court, in which we concur, that there was no "mistake," accident or other reasonable cause which prevented the entry of a defense in this action.
Because the mistake, accident or other reasonable cause for the defendant's failure to appear which is required for an exercise of the court's discretion in opening a default judgment is not present in this case, we need not consider whether the defendant had a good defense.
 There is no error.
O'BRIEN, SPONZO and HAMILL, JS., participated in this decision.