PAUL E. ERO ET AL. *v.* M & M ENTERPRISES, INC.

SUPERIOR COURT JUDICIAL DISTRICT OF FILE No. 73561
NEW LONDON

Memorandum filed January 31, 1984

*Wiggin, Dana & McGuire,* for the plaintiffs.

*Brown, Jacobson, Jewett & Laudone,* for the defendant.

SCHALLER, J. The plaintiffs brought suit against the defendant corporation claiming breach of contract. The defendant filed an appearance signed by its vice presi-

dent. Subsequently, the plaintiffs filed a motion for default for failure to appear and a motion to strike appearance on the ground that a corporation may not appear pro se.

In Connecticut, a corporation may not appear pro se. *Bar Association* v. *Connecticut Bank & Trust Co.,* 20 Conn. Sup. 248, 261, 131 A.2d 646 (1957), modified on other grounds, 145 Conn. 222, 140 A.2d 863 (1958). A corporation may not appear by an officer of the corporation who is not an attorney. *American Sand & Gravel, Inc.* v. *Clark & Fray Construction Co.,* 2 Conn. Cir. Ct. 284, 285, 198 A.2d 68 (1963); *Bar Association* v. *Connecticut Bank & Trust Co.,* supra, 262, citing *Laskowitz* v. *Shellenberger,* 107 F. Sup. 397, 398 (S.D. Cal. 1952), quoting 9 Cal. Jur. § 15, p. 448 (Supp. Rev. to 1949).

In the present case, the defendant has attempted to appear by filing an appearance form signed by Corine Jauquet, vice president of the defendant corporation. Since the defendant has not appeared through an attorney, the defendant has failed to appear in this action.

Initially, the plaintiffs filed a motion for default for failure to appear. A party to an action may be defaulted for failure to appear. *Culetsu* v. *Dix,* 149 Conn. 456, 457, 181 A.2d 116 (1962); *Ruggiero* v. *Ruggiero,* 35 Conn. Sup. 581, 583, 399 A.2d 187 (1978).

The court file, however, contains a photocopy of a memorandum from the office of the clerk notifying the plaintiffs that the motion for default had gone off the calendar and that a motion to strike the appearance should be filed. Subsequently, the plaintiffs filed a motion to strike appearance although asserting in their accompanying memorandum of law that a motion to strike appearance does not fall within the scope of Practice Book § 152, which controls the use of the motion to strike.

The motion for default for failure to appear is a proper method to challenge a party's failure to appear, whereas a motion to strike, which mainly attacks the legal sufficiency of a complaint, is an improper method. See Practice Book § 152. Considering the severe consequences to the defendant, the court declines to construe the present motion to strike as a motion for default, in accord with Practice Book § 6, which allows the liberal construction of pleadings. The court must deny the motion to strike as not challenging a pleading specified within the scope of Practice Book § 152.

The plaintiffs are correct, however, in challenging the defendant's attempt to appear as a pro se corporate defendant. A motion for default for failure to appear is appropriate and should be granted under the present circumstances.

Accordingly, the motion to strike is denied.