TRITON ASSOCIATES *v.* SIX NEW CORPORATION ET AL.
(5138)

DALY, NORCOTT and FOTI, Js.

Argued December 9, 1987—decision released April 19, 1988

*Beverly M. Krieger,* for the appellant (named defendant).

*Geoffrey S. Brandner,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action against the named corporate defendant and two individual defendants seeking specific performance of a contract

to convey certain real property.[1] After granting the plaintiff's motion for default for failure to appear, the trial court rendered judgment against the defendant. The defendant appeals from the denial of its motion to open the default judgment and from the refusal of the trial court to change that ruling upon reargument. We find no error.

The following facts are relevant to this appeal. The plaintiff's motion for default for failure to appear was granted on July 29, 1985. On January 6, 1986, a judgment by default was rendered against the defendant.

Shortly thereafter, the defendant filed a motion to open judgment. In support of the motion, the defendant asserted, inter alia, that "[t]he defendant failed to plead for the reason that the defendant is a corporation whose [present and] principal shareholder is Mr. Alan Fishman, who was making efforts to retain counsel" and that "there is a good faith defense in this case and we will proceed with due diligence once the default is opened." In an affidavit attached to the defendant's motion, Fishman stated that the default occurred because he "was in the midst of changing attorneys . . . and gathering and organizing [his] corporate affairs, including litigation matters, to bring them to a new [law] firm."

On April 21, 1986, the motion to open judgment was denied, and final judgment was rendered. On May 1, 1986, the defendant filed a "motion to reargue," seeking to open the judgment. This motion asserted the additional ground "that the default should not have been granted because at the time said default for failure to appear against the defendant corporation was granted, the court had on record a pro se appearance

---

[1] The individual defendants have not appealed. Therefore, the only defendant referred to hereinafter is the named corporate defendant.

entered on behalf of said defendant."[2] The relief requested by the motion to reargue was denied on June 16, 1986.

This court's review of a denial of a motion to open a default judgment is necessarily based on the requirements of General Statutes § 52-212.[3] That statute provides that any judgment rendered upon default may be set aside within four months, upon complaint or written motion of any person prejudiced by the judgment. The aggrieved person must show reasonable cause, or that a good defense existed at the time of judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense. Practice Book § 377 contains similar language.[4] "It

---

[2] The certified trial court record on file with this court contains no appearance form on behalf of the named defendant. The defendant, however, attached to its motion to reargue a copy of the Superior Court computer printout notification of the "status of appearances for this case as of 08/27/85," which listed the named defendant as a pro se party.

[3] "[General Statutes] Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear."

[4] Practice Book § 377. "OPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and

is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. 'There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause.' " *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 235, 492 A.2d 159 (1985), quoting *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 131, 474 A.2d 456 (1984); *Costello* v. *Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 167, 475 A.2d 310 (1984). "[I]n granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* supra, 235.

The defendant argues that a pro se appearance had been entered on its behalf and therefore the judgment by default for failure to appear was improper. The trial court rejected this argument noting, in its articulation, that the defendant had failed to file a "proper appearance." We conclude that the trial court was correct.

"In Connecticut, a corporation may not appear pro se. *Bar Association* v. *Connecticut Bank & Trust Co.,* 20 Conn. Sup. 248, 261, 131 A.2d 646 (1957), modified

---

that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion."

on other grounds, 145 Conn. 222, 140 A.2d 863 (1958). A corporation may not appear by an officer of the corporation who is not an attorney. *American Sand & Gravel, Inc.* v. *Clark & Fray Construction Co.,* 2 Conn. Cir. Ct. 284, 285, 198 A.2d 68 (1963); *Bar Association* v. *Connecticut Bank & Trust,* supra, 262, citing *Laskowitz* v. *Shellenberger,* 107 F. Sup. 397, 398 (S.D. Cal. 1952), quoting 9 Cal. Jur. § 15, p. 448 (Sup. Rev. to 1949)." *Ero* v. *M & M Enterprises, Inc.,* 39 Conn. Sup. 294, 295, 477 A.2d 695 (1984). The trial court therefore properly concluded that the defendant, being incapable of filing a pro se appearance in accordance with our rules of practice, had failed to file a proper appearance and could be defaulted on that basis. See id. The defendant's reliance on *Margaret Maunder Associates, Inc.* v. *A-Copy, Inc.,* 40 Conn. Sup. 361, 499 A.2d 1172 (1985), is misplaced, as that case is both procedurally and factually distinguishable from this case. That case involved a *plaintiff* corporation which *properly* appeared pro se in the small claims court through representation by its nonattorney president and sole shareholder; see Practice Book § 552. When the case was then transferred to the regular docket of the Superior Court by action of the *defendant* and when the defendant thereafter filed a motion for nonsuit claiming that a corporation cannot represent itself or act through a person who is not an attorney, the court concluded that, by acting on behalf of a corporation of which she was the sole shareholder, the plaintiff was properly "acting 'in . . . [her] own cause.' " *Margaret Maunder Associates, Inc.* v. *A-Copy, Inc.,* supra, 365, quoting General Statutes § 51-88 (d) (2). While we need not indicate whether we approve or disapprove of the reasoning or conclusion reached in the *Margaret Maunder Associates* case, its facts and the court's reasoning make it inapplicable to our analysis of the facts presented by this case.

We turn now to the defendant's claim that the default was due to "mistakes, errors and confusion" justifying the opening of the judgment rendered upon the default. The defendant contends that the default was due to the fact that it was changing legal counsel and that all court papers sent to its agent for service (its former attorney) were not passed along to its president or any other officer.

It is the defendant's burden to show that it was prevented by mistake, accident or other reasonable cause unrelated to its own negligence from appearing in the case prior to rendition of judgment. *Manchester State Bank* v. *Reale,* 172 Conn. 520, 525, 375 A.2d 1009 (1977). In its articulation, the court concluded that "[n]o excuse for failure to file a proper appearance for six months was forthcoming *that satisfied the court* that it should grant [defense counsel's] motion." (Emphasis in original.) The trial court's conclusion that the defendant had failed to discharge its burden of proving absence of negligence was amply supported by the record.

The defendant's failure to appear and defend was due either to indifference or inattention, or both. The mere negligence or inattention of a party is no ground for vacating a judgment. Parties are not justified in neglecting important legal matters merely because of the press or importance of other business and such negligence is ordinarily not excusable. See *Motes* v. *Karzian Moving & Storage, Inc.,* 31 Conn. Sup. 540, 542–43, 329 A.2d 624 (1974); *Engler Instrument Co.* v. *Design Productioneering Corporation,* 3 Conn. Cir. Ct. 393, 396–97, 215 A.2d 687 (1965).

The defendant's final argument is that the court erred in refusing to open the default judgment where the defendant failed to receive actual notice of the entry of default or the motion for judgment on the default.

In the absence of a proper appearance by the corporation, all motions and notices in this case were properly sent to the defendant's agent for service. See Practice Book §§ 121, 122, 123. Although the defendant couches this claim in terms of a due process right to notice and an opportunity to be heard; see *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950); we fail to see how notice to the agent for service is improper where no effective appearance in the case has been made by the defendant and where that failure to appear was due the defendant's own negligence. We are satisfied that the notice at issue here was, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [motions] and afford them an opportunity to present their objections." Id., 314. The defendant's argument to the contrary notwithstanding, the failure of its agent for service promptly to forward to the defendant all court documents served upon him by the plaintiff does not make that notice any less reasonably calculated to inform the defendant of the pendency of a motion for default and a later motion for judgment.

There is no error.

In this opinion the other judges concurred.