[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE APPEARANCE
The defendant Administrator has filed a motion to strike the pro se appearance of the plaintiff on the ground that the plaintiff is a corporation and cannot file a pro se appearance. A corporation cannot enter a pro se appearance in the courts of Connecticut, and may not appear by an officer of the corporation who is not an attorney. Triton Associates v. Six New Corporation, 14 Conn. App. 172, 175,176; Ero v. M M Enterprises, Inc., 39 Conn. Sup. 294, 295; Bar Association v. Connecticut Bank Trust Co., 20 Conn. Sup. 248,261, 262, modified on other grounds, 145 Conn. 222. The plaintiff filed the appeal at the clerk's office without filing an appearance of an attorney. The clerk's office entered a pro se appearance on behalf of the corporation, presumably because no attorney had appeared for it. The defendant then filed a motion for default for failure to appear which the court (Mancini, J.) denied, stating that the CT Page 1899 proper motion was a motion to strike the appearance.
Where a corporation files a pro se appearance as a defendant, the appearance has no legal effect and the defendant corporation can be defaulted for failure to appear. Section 352(a) Connecticut Practice Book. While a motion for default for failure to appear is the proper motion where a corporation files a pro se appearance as a defendant, Triton Associates v. Six New Corporation, supra, 176; Ero v. M M Enterprises, Inc., supra, 296, a motion for default does not apply to a party plaintiff. Under the circumstances, since the prior motion was denied, the motion to strike the appearance of the corporation is granted. If a proper appearance is not entered for the plaintiff, the defendant can file a motion for nonsuit.
Robert A. Fuller, Judge