[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At the time of argument for scheduled applicant to Vacate Arbitration Award, Counsel for applicant-plaintiff moved to preclude Susan McDonald President and sole stockholder to represent the respondant corporation. Susan McDonald represented the corporation at the arbitration hearings.
The issue presented is whether the president who is the sole stockholder of the corporation may appear on behalf of the corporation.
The general rule in Connecticut is that a corporation may not appear pro se, nor may it appear by an officer of the corporation who is not an attorney. Triton Associates v. Six New Corporation, 14 Conn. App. 172, 175-176 (1988). See also Ero v. M M Enterprises, Inc., 39 Conn. Sup. 294, 295 (Super.Ct. 1984).
The court in Margaret Maunder Associates, Inc. v. A-Copy, Inc. 40 Conn. Sup. 361 (DeMayo, J. 1985) held that in that CT Page 9622 particular case the corporation could appear by its president. The president initials started the action in small claims court, where the court noted that "Connecticut has for years permitted corporations to be represented . . . by officers." Id., 363. The court felt that it would be unfair to the plaintiff to allow the defendant to force her, by transferring the case to the Superior Court, to hire an attorney. The court also noted that General Statutes 51-88 (d)(2) states that the "provisions of this section shall not be construed . . . as prohibiting any person from practicing law . . . in his own cause." The court held that because the president was the sole shareholder she was acting "in [her] own cause." Id., 365.
Accordingly for the reasoning in Triton, motion to disqualify Susan McDonald is denied.
MEADOW, JUDGE