[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEARANCE OF AN EXECUTOR
The executor of the estate in this matter has appeared pro se as a representative of the estate. An appearance in such a court proceeding would necessarily constitute the practice of law. See State Bar Assn. v. Connecticut Bank and Trust Co., 145 Conn. 222, 236-37 (1958) appeal after remand146 Conn. 556, 559-64 (1959). An individual involved in a court proceeding may not appear pro se for a corporation or other entity. Ero v. M M Enterprises, 39 Conn. Sup. 294, 295 (1984).
"An important aspect if an executor's fiduciary responsibility is the duty to maintain an undivided loyalty to the estate." Ramsdell v. Union Trust Co., 202 Conn. 57, 65
(1987). The role of an administrator of an estate is to protect the estate for the benefit of all those interested in it. Kleinman v. Marshall, 192 Conn. 479, 483 (1984). Thus, an executor of an estate represents the estate rather than his own personal interests. Id. Since one who represents the interests of another cannot appear pro se, the executor of the estate cannot appear pro se in this action. See Ero,39 Conn. Sup. at 295.
By the court.
CHARLES D. GILL JUDGE, SUPERIOR COURT. CT Page 9966