[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO STRIKE #101
On April 6, 1992, the plaintiff, R. R. Donnelley Sons Company, filed a complaint against the defendant, Grey Castle Press, Inc. The plaintiff alleges that he provided services and sold merchandise to the defendant for $176,714.76. The plaintiff contends that the defendant currently owes, and refuses to pay, $94,895.39.
On April 13, 1992, the defendant, Grey Castle Press, Inc., appeared pro se through "Richard Gottlieb, President — Pro Se." On May 28, 1992, the plaintiff filed a motion to strike the corporation's appearance and attached thereto a supporting memorandum. The defendant has not filed an opposing memorandum.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989)
In its supporting memorandum, the plaintiff contends that because a corporation has a legal entity separate and distinct from its officers stockholders and directors, "[t]he cause of the corporate defendant is not the cause of the individual appearing pro se within the meaning of51-88 of the General Statutes." Consequently, the plaintiff seeks to "strike the appearance of the corporation pro se by its officer for the CT Page 5937 defendant in [this] . . . case."
In Connecticut, "`a corporation may not appear pro se.'" Triton Associates v. Six New Corp., 14 Conn. App. 172, 175, 540 A.2d 295 (1988) cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988), quoting Bar Ass'n v. Connecticut Bank Trust Co., 20 Conn. Sup. 248, 261, 131 A.2d 646 (1957), modified on other grounds, 145 Conn. 222, 140 A.2d 863 (1985). "A corporation may not appear by an officer of the corporation who is not an attorney." Triton Associates, supra, 176, citing American Sand Gravel, Inc. v. Clark Fray Constr. Co., 2 Conn. Cir. Ct. 284, 285,198 A.2d 68 (1963).
In accordance with the foregoing, the defendant has failed to file a proper appearance. However, the proper manner by which to challenge this improper appearance is to file a motion for default for failure to appear pursuant to Practice Book 352. Triton Associates, supra. Consequently, the motion to strike is denied.
PICKETT, J.