[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Administrator, Unemployment Compensation Act, has moved to dismiss the appeal by the plaintiff, Three Bears Restaurant, Inc. (Three Bears), involving its former employee and claimant, Daniel T. Moyher. The administrator determined that the claimant was entitled to unemployment benefits, and the plaintiff appealed to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and 31-242, where the appeal was referred to an appeals referee for a hearing de novo.
A hearing of this appeal was scheduled for December 20, 1994 at 10:15 a.m., in Bridgeport and notice thereof was sent to Three Bears in Westport. However, Three Bears did not attend the referee's hearing. The appeals referee determined that Three Bears had failed to demonstrate good cause for its failure to CT Page 10759 attend, and accordingly dismissed the appeal. Three Bears then appealed to the Employment Security Appeals Division Board of Review, (Board of Review), pursuant to General Statutes §31-249, which affirmed the dismissal due to the failure of Three Bears to attend the hearing, thus in effect affirming the decision of the administrator awarding benefits to the claimant.
The notice of hearing before the referee indicates that all parties must appear at the scheduled time of the hearing, and that the failure of the appealing party to appear "may result in the automatic dismissal of the appeal." Three Bears admitted that it received notice of the hearing, but indicated that it decided not to attend because of the press of business. The Board of Review determined that this was not good cause under Connecticut Agency Regulation § 31-237g-26 (b)(3), which excuses non-appearance at a hearing only for good cause.
Three Bears appeals to this court, pursuant to General Statutes § 31-249b. This court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technology, Inc. v. Administrator, UnemploymentCompensation Act, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement is entitled to "great deference". Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed,479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see alsoMiller v. Administrator, Unemployment Compensation Act, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In this court's opinion, the Board of Review did not act illegally, arbitrarily, or in abuse of its discretion in determining that the mere press of business on the part of Three Bears did not constitute good cause for failure to attend the hearing before the appeals referee. "The defendant's failure to appear and defend was due either to indifference or inattention, or both. The mere negligence or inattention of a party is no ground for vacating a judgment. Parties are not justified in neglecting important legal matters merely because of the press or importance of other business and such negligence is ordinarily not excusable." Triton Associates v. Six New Corporation,14 Conn. App. 172, 177, 540 A.2d 95, cert. denied, 208 Conn. 806, CT Page 10760545 A.2d 1104 (1988).
Hence, the administrator's motion for judgment dismissing plaintiff's appeal is granted.
So Ordered.
Dated at Stamford, Connecticut this 12th day of September, 1995.
William B. Lewis, Judge