[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on a motion to open the judgment of dismissal that entered on May 10, 1993 by the court, Celotto, J.
On March 28, 1996, the plaintiff moved to set aside the judgment on the following grounds:
"1. The plaintiff's counsel was improperly removed;
 2. Such dismissal would not have entered if the plaintiff had been represented;
 3. The court should not have acted on the motion to withdraw of [sic] the appearance of plaintiff's counsel and the dismissal."
The defendants have objected to the motion to open the judgment on the ground that the court lacks jurisdiction to open a judgment entered in 1993. The defendants take the further CT Page 7805 position that the dismissal was a justified sanction for "egregious and inexcusable delays rather than mistake, accident or other reasonable cause" and that the claims are unenforceable because the statute of limitation has expired.
This case was an action to foreclose two mechanics' liens on property that the plaintiff alleged was owned by defendant Civic Motor Inns, Inc. The plaintiff alleged that the first lien was filed on March 11, 1986 and the second lien was filed on August 11, 1986. The plaintiff alleged that the first lien related to construction work it claimed to have performed at the Holiday Inn on Whalley Avenue in New Haven between September 1984 and December 15, 1986 and that the second lien related to work it had performed between March 19 and July 11, 1986.
On June 8, 1988 the plaintiff was nonsuited for failure to comply with discovery requests. The nonsuit was opened. Because the pleadings were not closed, the case was dismissed again in the dormancy program on July 23, 1989. It was again opened but dismissed again in the dormancy program on December 11, 1992 because the pleadings had still not been closed. That dismissal was opened on January 15, 1993.
On January 14, 1993, plaintiff's counsel moved to withdraw his appearance. The court, Celotto, J., granted that motion on March 29, 1993.
On April 20, 1993, the defendants moved to dismiss for failure to prosecute, pursuant to Practice Book § 251. Since there was no appearance on file for the plaintiff as of that date, the defendants' counsel certified that he had sent a copy of the motion by certified mail to "the non-appearing party." Defendant's counsel also filed a document indicating that he had sent the certified copy to the non-appearing plaintiff, West Haven Painting and Decorating, Inc. The envelope attached to this document demonstrates that the motion was sent to West Haven Painting and Decorating Co. at 370 Ardale Street in West Haven, the address identified on the civil cover sheet.
The court, Celotto, J., granted the motion to dismiss. There was no further activity in the file until September 1995.
On that date, Edward Ciarleglio, who is not an attorney admitted to the bar, filed an appearance on behalf of the plaintiff, which was a corporation. The defendants moved to CT Page 7806 strike that appearance on the ground that a corporation may not appear by an officer who is not an attorney. See ExpresswayAssociates II v. Friendly Ice Cream Corp. of Connecticut,34 Conn. App. 543, 546, cert. denied, 230 Conn. 915 (1994); TritonAssociates v. Six New Haven Corp., 14 Conn. App. 172, 175-76cert. denied, 208 Conn. 806 (1988). The court, Celotto, J., granted the motion to strike the Ciarleglio appearance on January 22, 1996 but ordered "prior counsel to plaintiff to turn over all necessary papers to plaintiff — no further action is to be taken on this file for 30 days from date of this order."
Subsequently, on March 26, 1996, an attorney filed an appearance on behalf of the plaintiff and on the same date moved to set aside the judgment of dismissal that had entered more than three years earlier.
The defendants object to the motion to set aside the judgment on the ground that the court lacks jurisdiction to grant it. General Statutes § 52-212 and P.B. § 326 provide that a motion to open and vacate a judgment must be filed within four months of entry of the judgment.
The four-month deadline for opening a judgment of dismissal may not apply if a party proves that it was prevented by lack of notice of the judgment from moving to open it within four months.Morelli v. Manpower, 34 Conn. App. 419 (1994).
At a hearing conducted on the motion, Edward Ciarleglio, an officer of the plaintiff corporation, testified that the plaintiff corporation had been dissolved by forfeiture in 1991. Pursuant to General Statutes §§ 33-384 and 33-891, a dissolved corporation continues its corporate existence to the extent necessary to wind up and liquidate its business and affairs. Dissolution does not abate or suspend a proceeding against a corporation. See General Statute § 33-884 (b).
Mr. Ciarleglio claims that neither he nor the corporation received notice of the judgment of dismissal. The court file indicates "Counsel (parties) notified 5/13/93."
Since at that point the court file contained no appearance for the plaintiff, it is likely that it was not, in fact, sent notice of the judgment of dismissal since court notice is customarily sent only to counsel or a pro se party at the address identified on a duly filed appearance form. CT Page 7807
The lack of notice of the judgment does not, however, mean that the plaintiff should be held to have an indefinite, indeed, infinite period of time in which to move to open the judgment. When its counsel withdrew, the plaintiff received a notice pursuant to P.B. § 77 indicating the necessity of filing a new appearance in order to receive court notices. Nothing inMorelli suggests that where the failure to receive notice of a judgment is the fault of the party itself, the period for opening the judgment should be extended indefinitely.
The plaintiff complains that the defendants did not send notice to its principal, Mr. Ciarleglio, even though it had the means to discover his address. While Practice Book § 354 requires counsel of a party obtaining certain kinds of nonsuits or defaults (judgment of nonsuit for failure to appear and judgment of default for failure to appear) to send a copy of the judgment to the party against whom the judgment entered, no such requirement is imposed as to judgments entered pursuant to P.B. § 251. The only notice of the entry of judgment that is required to be issued as to § 251 dismissals is notice by the clerk to appearing counsel or pro se parties who have validly filed an appearance. See P.B. § 77.
Even if the defendants or the court were construed to have had a responsibility search the court files for other addresses of principals of the plaintiff corporation, such an approach would lead only to the obligation of the movant corporation to file a motion to open the judgment within four months of an officer's receiving actual notice of it. On August 23, 1995, the defendants served Edward Ciarleglio, as president of West Haven Painting and Decorating, Inc., with an Application to Discharge Surety and Reliance Bonds that had been filed in this case. That application stated that the underlying case had gone to judgment and served to notify Mr. Ciarleglio of that fact.
Since the appearance and motion filed by Mr. Ciarleglio on behalf of the corporation on September 5, 1995 were not legally competent pursuant to Triton Associates, supra, the court must measure the four month period from the date a motion to set aside the judgment was filed by counsel. That date is March 28, 1996, eight months after the plaintiff corporation had been served with the defendants' application to release the bonds.
The filing by counsel of the motion to set aside the judgment CT Page 7808 was not timely pursuant to General Statutes § 52-212 and P.B. § 326. This court therefore lacks jurisdiction to set aside the judgment on which the defendants have for so long relied. This court has no jurisdiction to review the plaintiff's grounds concerning motions decided before judgment entered.
Accordingly, the motion to set aside the judgment is denied.
Beverly H. Hodgson Judge of the Superior Court