[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a default judgment was rendered against the named defendant (defendant) in this summary process action based on nonpayment of rent, the defendant filed a pro se appearance, an answer admitting the allegations of the complaint, and a special defense alleging what amounts to housing and health code violations. The defendant also moved to open the judgment, alleging the same violations. At the hearing on the motion the defendant, in response to an inquiry from the court, answered that he did not timely file an appearance and special defense because he had recently obtained new employment and could not lose time from work without losing his new job.
This, however, cannot excuse his failure to timely file an appearance and answer. I have not been granted a commission to "due justice" as justice may appear in the eyes of a particular litigant. Rather, I am duty bound to do justice by applying the laws which have been enacted by our democratically elected representatives in the General Assembly. The General Assembly has enacted a law, General Statutes § 52-212, which provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff ordefendant was prevented by mistake, accident or other reasonablecause from prosecuting the action or making the defense." (Emphasis added.) Practice Book § 377, enacted by the judges of the Superior Court is to the same effect. In construing these laws, the Appellate Court of the State of Connecticut has said: "The mere negligence or inattention of a party is no ground for vacating a judgment. Parties are not justified in neglecting important legal matters merely because of the press or importance of other business and such negligence is ordinarily not excusable. See Motes v.Karzian Moving Storage, Inc., 31 Conn. Sup. 540, 542-43,329 A.2d 624 (1974); Engler Instrument Co. v. Design ProductioneeringCorporation, 3 Conn. Cir. Ct. 393, 396-97, 215 A.2d 687 (1965)."Triton Associates v. Six New Corporation, 14 Conn. App. 172, 177,540 A.2d 95, cert. denied, 208 Conn. 806 (1988); see also FlorenceVirtue Homes, Inc. v. Nelson, Superior Court, judicial district of New Haven, Housing Session, No. CVNH 9512-7276 (1997). CT Page 6369
The defendant has failed to show reasonable cause for not timely filing his appearance and defense; that is, he has not shown that he was "prevented by mistake, accident or other reasonable cause from . . . making the defense." General Statutes § 52-212; Practice Book § 377.
The motion to open the judgment is denied. Execution is stayed until July 7, 1997.
BY THE COURT
Bruce L. LevinJudge of the Superior Court