[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE "PRO SE" APPEARANCE
The defendant, the Nurse Network, LLC, is a limited liability company wholly owned by David and Keri DeNeno. David DiNeno has appeared "pro se". Keri DiNeno has not appeared. The motion to strike seeks to remove David DiNeno's appearance on the ground that he cannot represent the limited liability company.
In Expressway Associates II v. Friendly Ice Cream,34 Conn. App. 543 (1994). cert denied 230 Conn. 915 (1994) the court dealt with the issue of whether a general partner could represent the interest of the general partnership and concluded he could not. The Expressway court opined that having all the parties in interest before the court invokes subject matter jurisdiction. That, the interest of parties who are not present cannot be adjudicated. In Margaret Mounder Associates, Inc v. A-Copy, Inc.,40 Conn. Sup. 361 (1985), the plaintiff, president and sole stockholder of the corporation was allowed to represent the corporation, since as sole stockholder she would be acting in her own cause.
Since only one of the two parties in interest is before the court. David DiNeno's appearance is struck. However, should both David and Keri DiNeno choose to file separate pro se appearances, all parties in interest would be before the court and there would be no issue as to subject matter jurisdiction. Also, under the provisions of C.G.S. § 51-88(d)(2) each would be acting in his or her own cause.
Hennessey, J.