[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTION TO STRIKE
The issue before the court is whether a corporation can be represented on a pro se basis by its sole shareholder. Because a corporation may not appear by an officer of the corporation who is not an attorney, the plaintiff's motion to strike is granted and the defendant's motion to appear pro se is denied.
 FACTS
The plaintiff, Exterior Research Design, LLC, d/b/a Trinity Engineering, filed a complaint against the defendant, 2001, Inc., a/k/a 2001 Company, Inc., on August 7, 2000, alleging that the defendant owes the plaintiff a sum of $11,000 for testing services provided, which the defendant has allegedly refused and neglected to pay.
Subsequently, the plaintiff filed a motion to strike the pro se appearance of the defendant by its officer, Thomas L. Kelly, for the reason that the defendant is a corporate entity and that the appearance is improper, as a corporation cannot appear pro se for itself. On September 18, 2000, Thomas L. Kelly, president and sole shareholder of 2001, Inc., argued a motion for permission to appear pro se on behalf of the defendant and further argued that the court should deny the plaintiff's motion to strike.
As required by Practice Book § 10-42, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has filed a memorandum in opposition to the plaintiff's motion and in support of its motion to appear pro se.
 DISCUSSION
CT Page 15283
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra, 825.
The plaintiff argues that the defendant is a corporate entity and that the appearance is improper, as it cannot appear pro se for itself. The defendant argues that pro se representation of a corporation is allowed in certain matters and should be allowed in this case.
"In Connecticut, a corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney. . . . This is so, despite the fact that the officer may be the principal shareholder of that corporation." (Citation omitted; internal quotation marks omitted.) Expressway Associates II v. Friendly Ice CreamCorp. of Connecticut, 34 Conn. App. 543, 546-47, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994); see also Triton Associatesv. Six New Corp., 14 Conn. App. 172, 176, 540 A.2d 95, cert. denied,208 Conn. 806, 545 A.2d 1104 (1988).
The defendant cites to Margaret Maunder Associates, Inc. v. A-Copy,Inc., 40 Conn. Sup. 361, 499 A.2d 1172 (1985), in support of its argument that prose representation should be allowed in this case. In that case, the court "permitted a plaintiff corporation, which had properly appeared pro se in the small claims part of the civil division through its president and sole shareholder who was not an attorney, to continue its action pro se on the regular docket after removal by the defendant. . . . [T]he court reasoned that because it was only by the defendant's action that the case appeared on the regular docket, the corporation should not be affected." Expressway Associates II v. Friendly Ice Cream Corp. ofConnecticut, supra, 34 Conn. App. 547 n. 7.
The court's reasoning in Margaret Maunder Associates, Inc. v. A-Copy,Inc., supra, 40 Conn. Sup. 361, is fact specific and inapplicable to the facts presented in this case. Here, the defendant seeks to have its president and sole shareholder, Thomas L. Kelly, appear pro se on its behalf in an action which was commenced in superior court. The weight of authority in Connecticut makes it clear that the corporation may not CT Page 15284 appear by an officer of the corporation who is not an attorney, regardless of the fact that the officer is the president and sole shareholder of the corporation. Expressway Associates II v. Friendly Ice Cream Corp. ofConnecticut, supra, 34 Conn. App. 546-47; Triton Associates v. Six NewCorp., supra, 14 Conn. App. 176.
Accordingly, the plaintiff's motion to strike is granted and the defendant's motion to appear pro se is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE