[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Briteside, Inc., appeals from the final decision of the defendants, the Department of Public Health and its Commissioner ("the department"), finding violations of state regulations regarding asbestos removal and imposing civil penalties. This court finds no error in the agency proceedings and dismisses the appeal.
BACKGROUND OF THE CASE
The administrative record reveals the following facts. The plaintiff is a licensed asbestos contractor. In October, 1999, the plaintiff and the department entered into a consent order in which the plaintiff admitted numerous regulatory violations stemming from an August, 1988 abatement project. (Return of Record ("ROR"), Vol. 1, p. 4 ¶¶ 1, 2.)[1]
In May, 1999, the plaintiff filed notice with the department that the plaintiff was performing asbestos abatement at a property in Hartford that was to be demolished. The property consisted of a three story building, with four abatement areas in the stairwells and seven in the apartments. (ROR, Vol. I, p. 3 ¶ 2; pp. 4-5 ¶¶ 3-5.) The plaintiff completed the abatement of the interior on May 23, 1999. (ROR, Vol. II, pp. 174-75.)[2]
On May 27, 1999, a department sanitarian inspected the property. (ROR, Vol. I, p. 5 ¶ 7.) Based on this inspection, the department filed a statement of charges against the plaintiff alleging ten violations of state regulations governing asbestos abatement. (ROR, Vol. I, pp. 34-35.) After hearings on July 14 and August 8, 2000, a hearing officer issued a final decision in which she found that the plaintiff had violated seven of the ten charges. The hearing officer ordered that the plaintiff pay a civil penalty of $15,000 and that, following successful completion of the probationary terms in the October, 1999 consent order, the plaintiff's license be placed on probation until it completed five additional interior asbestos removal projects. The terms of the new probation required the plaintiff, for each of the five additional projects, to provide a copy of the hearing officer's decision to the health director in CT Page 16875 the town in which the project is located, to afford the department notice of a new project at least thirty days before commencement, and to obtain, at the plaintiff's expense, a licensed asbestos project monitor who would report to the department on the plaintiff's compliance with all applicable requirements. (ROR, Vol. I, pp. 2-22.) The plaintiff has appealed from this decision.
DISCUSSION
 I
Prior to the hearing, the department provided notice to the plaintiff corporation that: "you may be represented by an attorney and present evidence on your behalf. Although you may represent yourself (pro se), you are urged to obtain the services of an attorney." (ROR, Vol. I, p. 27.) The plaintiff was represented at the hearing by Blake Johnson, an officer in the plaintiff corporation who was not an attorney. (ROR, Vol. II, pp. 2-3, 9.) Although the plaintiff did not protest this arrangement before the agency, the plaintiff now claims that the agency proceedings are invalid because a corporation has no right to appear pro se in an agency proceeding.
The obvious response is that the plaintiff waived, or even induced, any error. Despite the department's notice urging the plaintiff to retain counsel, the plaintiff elected, for whatever reason, to represent itself at two separate sessions of the hearing, held three weeks apart. Having chosen to represent itself before the agency, the plaintiff cannot now seek to invalidate the outcome on the ground that corporate self-representation is improper. See Burnham v. Administrator,184 Conn. 317, 323, 439 A.2d 1008 (1981); Sachs v. Sachs,60 Conn. App. 337, 345, 759 A.2d 510 (2000).
The plaintiff, in any event, does not prevail on the merits of the issue. Whether a corporation has a right to represent itself at an agency hearing is a pure question of law concerning which this court has broad review. See MacDermid, Inc. v. Department of Environmental Protection,257 Conn. 128, 137, 778 A.2d 7 (2001). It is fundamental, however, that "a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted.) Murphy v. Commissioner of MotorVehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000).
The plaintiff cannot meet its burden of proving that the agency acted contrary to law. Neither the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., nor Connecticut case law, nor any other Connecticut authority directly prohibits or even CT Page 16876 addresses the issue of whether a corporation can appear pro se at an agency hearing. In Triton Associates v. Six New Corporation,14 Conn. App. 172, 175-76, 540 A.2d 95, cert. denied, 208 Conn. 806,545 A.2d 1104 (1988), the Appellate Court held that a corporation has no right to appear pro se in court. The rationale, as later discussed by the Appellate Court, is that a corporation is a fictional entity that has only those powers conferred by statute and that the conduct of litigation by a non-lawyer creates unusual burdens for all parties and the court. SeeExpressway Associates II v. Friendly Ice Cream Corp. of Connecticut,34 Conn. App. 543, 546-49, 642 A.2d 62, cert. denied, 230 Conn. 915,645 A.2d 1018 (1994). Our appellate courts, however, have not extended this rationale to administrative agencies.[3] Similarly, our unauthorized practice of law statute prohibits a person who is not an attorney from practicing law "in any court of record in this state," but does not expressly apply to agency hearings. General Statutes § 51-88.
There are, in fact, good reasons to support the agency's practice of allowing corporate self-representation. Administrative hearings are informal and are not governed by the strict rides of evidence, so long as they do not violate the fundamental rules of natural justice. SeeJutkowitz v. Department of Health Services, 220 Conn. 86, 98, 596 A.2d 374
(1991); Pizzo v. Commissioner of Motor Vehicles, 62 Conn. App. 571, 579,771 A.2d 273 (2001).[4] In that respect, an administrative hearing is similar to a hearing in our small claims courts, which have traditionally allowed corporations to represent themselves through non-lawyer officers, agents, and employees. See Margaret Maunder Associates, Inc.v. A-Copy, Inc., 40 Conn. Sup. 361, 363, 499 A.2d 1172 (1985). Allowing corporate self-representation at agency hearings undoubtedly allows some smaller corporations to reduce expenses and perhaps enables others to defend themselves when they otherwise might not have the resources to do so.
While there may be countervailing concerns, such as those identified by the Appellate Court with regard to appearances in court, these concerns have not yet become embodied in our law. As it stands now, the plaintiff can point to nothing illegal in the agency's practice of allowing corporate self-representation.
 II
The plaintiff also launches a broad-based attack on the hearing officer's factual findings and her conclusion that the plaintiff committed seven regulatory violations. The theme of the attack is that the hearing officer erroneously chose to disbelieve the plaintiff's evidence that it had complied with the department's regulations and instead credited the contrary opinion of the department's sanitarian, who CT Page 16877 inspected the property four days after the interior work was done. The plaintiff claims that, during the interim, vandals and trespassers may have compromised the site.
Under the UAPA, the substantial evidence rule governs judicial review of administrative fact-finding. See MacDermid, Inc. v. Department ofEnvironmental Protection, supra, 257 Conn. 136. Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Id., 137. "[I]t is within the province of the hearing officer to assess the credibility of the witnesses and . . . to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Internal quotation marks omitted.) Pizzo v. Commissioner of Motor Vehicles, supra, 62 Conn. App. 579. Even as to conclusions of law, the court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. MacDermid, Inc. v. Department of Environmental Protection, supra, 137. Ordinarily, the court affords considerable deference to the construction given to regulations by the agency charged with their enforcement. See Griffin Hospital v. Commission on Hospitals HealthCare, 200 Conn. 489, 496-97, 512 A.2d 199 (1986).
The fact that the inspection occurred only four days after completion of the interior abatement, coupled with the fact that the inspector had some expertise in distinguishing between the omissions of the plaintiff and the acts of vandals, (ROR, Vol. II, pp. 65-67), made the inference that the noncompliance was the fault of the plaintiff a credible one. The hearing officer was thus presented with credible testimony from the department that contradicted the plaintiff's evidence. In evaluating this evidence, the hearing officer could and did use her "experience, technical competence, and specialized knowledge. . . ." General Statutes § 4-178(8). (ROR, Vol. I, p. 10.) Based on all these factors, it was within the hearing officer's discretion to disbelieve the plaintiff's evidence that it had complied with the department's regulations and instead to credit the department's inspector.
The plaintiff devotes one or, at most, two paragraphs of its brief to each of the seven findings of regulatory violations that he challenges. The court discourages this sort of inadequately briefed, unrefined attack on a hearing officer's factual findings. See LaBow v. LaBow,65 Conn. App. 210, 211, ___ A.2d ___ (2001). The court has nonetheless examined each finding carefully. The court concludes that there is substantial evidence to support the challenged findings of fact and that, especially in view of the deference accorded to the department's interpretation of its own regulations, the conclusions of law are reasonable. CT Page 16878
 III
The plaintiff's final argument is that the hearing officer abused her discretion in imposing the conditions of probation. The plaintiff relies on General Statutes § 19a-17(a)(5), which authorizes the department, upon a finding of good cause, to take the following action:
 (5) Place a practitioner or permittee on probationary status and require the practitioner or permittee to:
 (A) Report regularly to such board, commission or department upon the matters which are the basis of probation;
 (B) Limit practice to those areas prescribed by such board, commission or department;
 (C) Continue or renew professional education until a satisfactory degree of skill has been attained in those areas which are the basis for the probation;
Section 19a-17(a) also authorizes the department to revoke and suspend licenses, to censure or reprimand practitioners, and to assess civil penalties.
In administrative proceedings, "[i]f the penalty meted out is within the limits prescribed by law, the matter lies within the exercise of the [agency's] discretion and cannot be successfully challenged unless the discretion has been abused." (Internal quotation marks omitted.) Pet v.Department of Health Services, 228 Conn. 651, 677, 638 A.2d 6 (1994). In this case, the probation conditions that require the plaintiff to afford the department notice of a project at least thirty days before commencement and to obtain a licensed asbestos project monitor to report to the department on the plaintiff's compliance both fit within the ambit of § 19a-17(a)(5)(A), as they involve, directly or indirectly, an obligation to report to the department on asbestos removal.[5] Given the plaintiff's past history of noncompliance with asbestos regulations and the breadth of noncompliance in the present case, these probationary conditions were well within the department's discretion.
The additional requirement that the plaintiff provide a copy of the hearing officer's decision to the health director in the town in which a new project is located does not fall squarely within any of the three conditions of probation specified in § 19a-17(a)(5). The department claims that the statutes defining the department's overall powers CT Page 16879 authorize this condition, but the department does not cite any specific statutes. The court is troubled by this vague claim of authority, particularly because it tends to render superfluous the specific provisions of § 19a-17(a)(5). However, because the requirement that the plaintiff notify local health directors of the commencement of a project is an otherwise reasonable one in light of the facts of this case, and because the requirement does not appear unduly burdensome, the court declines to find that this condition of probation represents an abuse of discretion by the department.
CONCLUSION
The plaintiff having failed to sustain the grounds for its appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court